BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
LOGAN TALBOT (SBN 300591)
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
       talbot@bryanschwartzlaw.com

*Attorneys for Plaintiff Samir Roy*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMIR ROY, individually, and on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE MI GROUP, INC.,<br><br>Defendant. | Case No.: _____<br><br>**CLASS & COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, & INJUNCTIVE RELIEF**<br><br>(1) **Failure to Pay Overtime Wages for Daily Overtime and All Time Worked under Fair Labor Standards Act, 29 U.S.C. § 207;**<br><br>(2) **Failure to Pay Overtime for Daily Overtime and All Time Worked under Cal. Labor Code §§ 510, 1194, and IWC Wage Order(s);**<br><br>(3) **Failure to Provide Accurate Itemized Wage Statements under Cal. Labor Code § 226;**<br><br>(4) **Failure to Provide and/or Authorize Meal and Rest Periods under Cal. Labor Code §§ 226.7, 512, and IWC Wage Order(s);**<br><br>(5) **Failure to Timely Pay All Wages Due Upon Termination under Cal. Labor Code § 203**<br><br>(6) **Unlawful and/or Unfair Business Practices in Violation of Cal. Business & Professions Code § 17200, *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

CLASS AND COLLECTIVE ACTION COMPLAINT

## I. PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff SAMIR ROY ("Plaintiff") on his own behalf and on behalf of the proposed Collective and California classes identified below. Plaintiff and the putative class members were or are employed by Defendant THE MI GROUP, INC. ("Defendant") as Relocation Managers and Relocation Associates in offices located in California and across the United States.

2. As Relocation Managers and Relocation Associates, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage-and-hour laws, and should have been classified as such and received overtime pay consistent with the requirement of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The Collective Class is made of all persons who are or have been employed by Defendant as Relocation Managers and Relocation Associates (if they were classified as exempt) in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4. The California Class is made up of all persons who are or have been employed by Defendant as Relocation Managers and Relocation Associates (if they were classified as exempt) in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

5. During the Collective Class Period and the California Class Period, Defendant failed to pay the appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law.

6. Plaintiff seeks relief for the Collective Class pursuant to the Fair Labor Standards Act to remedy Defendant's failure to pay the appropriate overtime compensation, in addition to restitutionary relief.

7. Plaintiff seeks relief for the California Class pursuant to applicable state laws, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy Defendant's failure to: pay appropriate overtime compensation, provide or authorize meal and rest periods or pay meal and rest period premium wages, provide lawful itemized wage statements, timely pay all wages owed, maintain accurate time records, and failing to correct all of the foregoing deficiencies, in addition to restitutionary and injunctive relief.

## II.   PARTIES

8. Individual and representative Plaintiff Samir Roy resides in Alameda County, California. He was hired by Defendant on or around March 1, 2013 as a Relocation Associates at one of Defendant's offices located in Alameda County, California. Plaintiff was promoted by Defendant to Relocation Manager on or around December 1, 2015 at Defendant's office located in Alameda County. Plaintiff Roy brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Roy is attached as **Exhibit A**.

9. Upon information and belief, Defendant The MI Group, Inc. is an international relocation and moving company with a principal place of business in Ontario, Canada, and which does business in and maintains offices in many states throughout the United States, including offices in California. The MI Group, Inc. is a registered corporation in the state of California. The MI Group, Inc.'s registered agent for service is Mark Bennett, located at 2010 McGaw Ave., Irvine, CA, 92614-0911.

## III.   JURISDICTION & VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is involves questions of federal law under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as **Exhibit A**. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over this matter because Defendant, presently and at all times relevant to this action, has conducted substantial and continuous commercial activities in the Northern District of California and because many of the acts complained of herein occurred in this District and gave rise to the claims alleged.

12. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV.    COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Proposed Collective Class**: All persons are or have been employed by Defendant as Relocation Managers and Relocation Associates (if they were classified as exempt), and any other employee performing the same or similar duties for Defendant, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

14. Upon information and belief, Defendant suffered and permitted Plaintiff and the Collective Class to work more than forty (40) hours per week without appropriate overtime compensation.

15. Defendant's unlawful conduct has been widespread, willful, repeated, and consistent.

16. Upon information and belief, Defendant knew that Plaintiff and the Collective Class performed work that required payment of overtime pay. Defendant has operated under a scheme to deprive these employees of the appropriate overtime compensation by failing to properly compensate them for all hours worked.

17. The primary duties of Plaintiff and the Collective Class consist of routine mental and clerical work such as scheduling movers to move household goods from one location to be delivered to another location, sending template documents to customers that are provided by Defendant, and other low-level tasks related to providing logistical support for relocation services. In addition, despite

Defendant's failure to maintain accurate time records for the Collective Class, Plaintiff and the Collective Class are required to report contemporaneous records of their completed tasks through business management software called the "SAP" system.

18. Plaintiff and the Collective Class members are subject to productivity goals and are production workers. Each Relocation Associate or Relocation Manager is expected to complete a set number of "moves" within a short time frame and are incentivized to complete as many as possible with quarterly bonuses.

19. To meet Defendant's production goals, Relocation Managers and Relocation Associates are required to work far in excess of forty (40) hours per week. Plaintiff and those similarly situated regularly worked late nights and on weeks in order to meet their deadlines and production goals. If Plaintiff and those similarly situated failed to meet their production goals, they are threatened with disciplinary action.

20. Defendant misclassified Plaintiff and members of the Collective Class as "exempt" from federal and state minimum wage and overtime laws based on their job duties. Defendant misrepresented to Relocation Managers and Relocation Associates that they were "exempt" as "administrative" and therefore were not entitled to overtime pay for hours worked in excess of forty (40) a week or lawful meal and rest periods.

21. Defendant does not and did not maintain a policy that provided lawful meal and rest periods to Plaintiff and the Collective Class.

22. Because of the tight deadlines and production goals, Plaintiff and the Collective Class were routinely unable to take lawful meal and rest breaks.

23. Plaintiff and the Collective Class are not exempt based on the executive employee exemption because their job duties do not include managing Defendant's business, a department within Defendant's business, or a subdivision thereof. Further, Plaintiff and the Collective class do not direct the work of at least two or more other full-time employees or their equivalent. In addition, Plaintiff and the Collective Class do not have any hiring or firing authority over other employees.

24. Plaintiff and the Collective Class are not exempt based on the administrative employee exemption because their primary job duties do not include work directly related to the management or general business operations of Defendant or Defendant's customers, the exercise of discretion and independent judgment with respect to matters of significance, nor the setting of any policies for Defendant. Plaintiff and the Collective Class do *not* have the authority to deviate from any policies governing relocations without express permission from their supervisor and can be disciplined for failure to obtain such permission.

25. Plaintiff and the Collective Class are not exempt based on the learned professional exemption because their job duties do not require advanced knowledge in a field of science or learning.

26. Plaintiff and the Collective Class are not exempt based on the outside sales exemption because their job duties do not include making sales or obtaining orders. Instead, Defendant employs a sales team dedicated to selling the services that Plaintiff and the Collective Class provide.

27. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

28. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

### V.   CALIFORNIA CLASS ALLEGATIONS

29. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed California Class:** All persons who are or have been employed by Defendant as Relocation Managers or Relocation Associates (if they were classified as exempt), and any other

employee performing the same or similar job duties for Defendant, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

**Proposed California Itemized Wage Statement Subclass:** All California Class members who are currently employed by Defendant or were employed by Defendant at some point within the year preceding the filing of the initial Complaint in this action.

**Proposed California Failure to Pay All Wages Owed at Termination Subclass:** All California Class members who were employed by Defendant during the last four years prior to the filing of this Complaint and were terminated by Defendant at some point within the three years preceding the filing of this initial Complaint in this action.

30. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

31. <u>Numerosity</u>: The Proposed California Class (and each of the Proposed California Subclasses) is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed dozens of Relocation Managers and Relocation Associates who are geographically dispersed and who satisfy the definition of the Proposed California Class.

32. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Relocation Managers and Relocation Associates routinely worked more than eight hours per day and more than forty hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendant's policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime laws based on the purported applicability of an exemption for "administrative" employees, misrepresenting to the California Class that they were exempt from state overtime laws as "administrative," improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; failing to pay all wages owed

in a timely manner to the California Class; and failing to issue accurate itemized wage statements to these individuals.

33. Plaintiff is typical of the California Itemized Wage Statement Subclass, in that he is and was employed by Defendant within one year prior to the filing of this suit, and Defendant failed to issue him accurate itemized wage statements and violated wage laws.

34. Plaintiff is typical of the California Failure to Pay All Wages Owed at Termination Subclass, in that he is and was employed by Defendant within the three years prior to the filing of this suit, and Defendant failed to timely pay all wages due to Plaintiff and violated wage laws.

35. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate Defendant, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

36. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed California Class (and each of the Proposed Subclasses), has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

37. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

    A. Whether Defendant improperly classified Plaintiff and members of the Proposed California Class as exempt from overtime laws based on their job duties;

    B. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

   C. Whether Defendant's policies and practices provided and/or authorized meal and rest periods in compliance with applicable state laws based on their job duties;

   D. Whether Defendant failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

   E. Whether Defendant provided adequate itemized wage statements to the Plaintiff and the California Class pursuant to applicable state wage laws;

   F. Whether Defendant timely paid all wages due to the Plaintiff and the California class upon termination pursuant to applicable state wage laws;

   G. The proper measure of damages sustained by the Proposed California Class; and

   H. Whether Defendant's actions were "willful."

38. Common questions of law and fact exist to all members of the Proposed California Class Itemized Wage Statement Subclass, and predominate over any question solely affecting individual members of the Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

   A. Whether Defendant provided adequate itemized wage statements to the Plaintiff and the California pursuant to applicable state wage laws;

39. Common questions of law and fact exist to all members of the Proposed California Failure to Pay All Wages Owed at Termination Subclass, and predominate over any question solely affecting individual members of the Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

   A. Whether Defendant timely paid all wages due to the Plaintiff and the California class upon termination pursuant to applicable state wage laws;

40. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or

9
CLASS AND COLLECTIVE COMPLAINT

varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

41. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class (and each of the Proposed California Subclasses) predominate over any questions affecting only individual members of the Proposed California Class (and Subclasses), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices applicable to the Proposed California Class members denied them overtime pay and meal and rest periods to which they are entitled. Defendant's common and uninform policies and practices applicable to the Proposed California Class members denied them timely payment of all wages due at the time of termination to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

42. Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendant.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Overtime in Violation of the FLSA**

**(On behalf of Plaintiff & the Collective Class)**

44. Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

45. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216 (b).

Plaintiff's written consent form is attached hereto as **Exhibit A**. Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

46. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

47. The FLSA, 29 U.S.C. § 207, requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per work week. Pursuant to 29 U.S.C. § 203(g), "hours worked" includes all hours Relocation Managers and Relocation Associates were and are suffered or permitted to work.

48. During their employment with Defendant, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all hours worked in excess of forty.

49. As a result of Defendant's willful and unlawful conduct, Plaintiff and the Collective Class have suffered damages in an amount, subject to proof, to the extent they were not paid overtime wages for all hours actually worked in excess of forty hours per week.

50. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq.

51. Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff and the Collective Class are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, interest

1  thereon, reasonable attorneys' fees and costs of suit.

2      52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the
3  meaning of 29 U.S.C. § 255(a). Because Defendant willfully violated the FLSA, a three-year state of
4  limitations applies to such violations.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of Plaintiff and the California Class)**

8      53. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by
9  reference the allegations in the preceding paragraphs.

10     54. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California
11 Labor Code § 510 required Defendant to pay Plaintiff and the California Class overtime premiums for
12 hours worked in excess of eight (8) hours in a given workday, forty in a given workweek, or on the
13 seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to
14 employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or
15 under conditions prohibited by the applicable wage orders of the IWC.

16     55. Defendant's payroll policies and procedures required Plaintiff and the California Class
17 to be subject to the control of Defendant in excess of eight hours per workday and in excess of forty
18 hours per week, and Defendant unlawfully failed to pay members of the Class the proper overtime
19 compensation required in violation of IWC Wage Order 4 (8. C.C.R. § 11040) and California Labor
20 Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff and the other Class
21 members are entitled to recover their unpaid overtime compensation.

22     56. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,
23 Plaintiff and the California Class have sustained damages, including loss of earnings for hours of
24 overtime worked on behalf of Defendant, in an amount subject to proof, plus damages, interest,
25 attorneys'' fees and costs.

## THIRD CAUSE OF ACTION

**Failure to Provide Accurate Itemized Wage Statements**

**(On Behalf of Plaintiff and the California Class)**

57. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

58. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

59. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia*, Plaintiff and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(h), Plaintiff is also entitled to seek injunctive relief requiring Defendant to comply with Labor Code § 226(a).

**FOURTH CAUSE OF ACTION**

**Failure to Provide Rest Breaks and Meal Periods**

**(On Behalf of Plaintiff and the California Class)**

60. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

61. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, or for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.

62. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employer may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

63. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours of major fraction thereof. However, a rest period need not be authorized for

employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

64. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

65. Plaintiff and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiff and the California Class are entitled to attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due Upon Termination**

**(On Behalf of Plaintiff and the California Class)**

66. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

67. California Labor Code §§ 201, 202, 203 provides that an employer must pay all wages owed to an employee within 72 hours of their termination.

68. Defendant failed to pay all wages due and owing to Plaintiff and the California Class upon their termination.

69. Defendant's failure to pay all wages due was willful.

70. Plaintiff's and the California Class's unpaid wages continue to be due and owing as of the present date.

71. Plaintiff and the California Class are entitled to collect a penalty of an additional thirty (30) days of wages pursuant to California Labor Code § 203.

72. Plaintiff and the California Class are entitled to an award of attorney's fees, costs, and the expenses incurred in the prosecution of this claim pursuant to Code of Civil Procedure § 1021.5.

## SIXTH CAUSE OF ACTION

### Unfair Practice under the Unfair Competition Act

### (On Behalf of Plaintiff and the California Class)

73. Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

74. Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq*.

75. Pursuant to Business and Professions Code § 17200 et seq., Plaintiff and the California Class members are entitled to: restitution of overtime earnings, and other unpaid wages and premiums alleged herein that Defendant has improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendant to pay overtime and meal/rest premiums to all workers in California as defined herein; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and other applicable law; and costs.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure; Compensatory damages, including but not limited to emotional distress damages;

2. That the Court determine that this action may proceed as a collective action under 29 U.S.C. § 216(b);

3. That Defendant is found to have violated the overtime, meal/rest period, itemized wage statement/time records, failure to reimburse, and failure to timely pay wages penalty provisions of the California wage laws cited above as to the California Class

4. That Defendant is found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

5. That Defendant is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

6. That Defendant's violations as described above are found to be willful;

7. An award to Plaintiff and the California and Collective Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

8. That Defendant be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendant's unlawful activities, pursuant to California state law cited above;

9. That Defendant further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

10. That the Court grant declaratory relief stating that Defendant's scheme is unlawful;

11. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, CCP § 1021.5, and/or other applicable state laws; and

12. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

DATED: October 6, 2017                                **BRYAN SCHWARTZ LAW**

By: ___/s/ *Bryan Schwartz*_____
Bryan Schwartz (SBN 209903)

17

CLASS AND COLLECTIVE COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his counsel, hereby demands a jury trial on all causes of actions and claims for which he has a right to jury trial.

DATED: October 6, 2017                                **BRYAN SCHWARTZ LAW**

                                                                          By:   /s/ *Bryan Schwartz*
                                                                          Bryan Schwartz (SBN 209903)