1  BRYAN SCHWARTZ LAW
   BRYAN SCHWARTZ (BAR NO. 209903)
2  LOGAN TALBOT (BAR NO. 300591)
   1330 Broadway, Suite 1630
3  Oakland, CA  94612
   Phone:  (510) 444-9300
4  Fax:  (510) 444-9301
   E-Mail:  bryan@bryanschwartzlaw.com
5           talbot@bryanschwartzlaw.com

6  Attorneys for Plaintiff
   SAMIR ROY
7
   ALLEN MATKINS LECK GAMBLE
8    MALLORY & NATSIS LLP
   BALDWIN J. LEE (BAR NO. 187413)
9  ALEXANDER NESTOR (BAR NO. 202795)
   Three Embarcadero Center, 12th Floor
10 San Francisco, CA  94111-4074
   Phone:  (415) 837-1515
11 Fax:  (415) 837-1516
   E-Mail:  blee@allenmatkins.com
12          anestor@allenmatkins.com

13 Attorneys for Defendant
   THE MI GROUP, INC.

14

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  SAMIR ROY, individually, and on behalf of all others similarly situated, and on behalf of the 18  general public, | Case No. 3:17-CV-05800 EDL |
| 19                Plaintiff, | **JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT** |
| 20        v. | |
| 21  THE MI GROUP, INC., | |
| 22         Defendant. | Complaint Filed:   Oct. 6, 2017 |

24        <u>**JOINT STIPULATION OF SETTLEMENT AND RELEASE**</u>

25        This joint stipulation of settlement and release ("Stipulation of Settlement") is made and

26  entered into by and between Plaintiff Roy ("Plaintiff" or "Class Representative"), individually and

27  on behalf of all others similarly situated, and Defendant The MI Group, Inc. ("MI Group" or

28  "Defendant").

**A.    Definitions**

1.      Plaintiff and the Settlement Class (as defined below) and Defendant are collectively referred to herein as the "Parties."

2.      Bryan Schwartz and Logan Talbot of Bryan Schwartz Law are counsel of record for Plaintiff.  For purposes of this settlement only, the foregoing firm shall be designated as "Class Counsel."

3.      The "Action" means the case entitled "Samir Roy, Plaintiff, vs. The MI Group, Inc., Defendant," Case No. 4:17-cv-5800, before the United States District Court, Northern District of California.

4.      The "Settlement Class" is comprised of all current and former individuals who were employed by MI Group in the Relocation Manager ("RM") or Relocation Associate ("RA") position at any time between October 6, 2013 and the date the Court grants preliminary approval of the settlement of the Action, in California, and October 6, 2014 and the date the Court grants preliminary approval of the settlement of the Action, outside of California (the "Class Period"), a total of approximately 182 Settlement Class members.  Members of the Settlement Class are referred to herein individually as "Class Member" and collectively as "Class Members."

**B.    General**

1.      On October 6, 2017, Plaintiff individually and on behalf of all others similarly situated, and on behalf of the general public, filed a lawsuit in the United States District Court, Northern District of California, against The MI Group, Inc., Case No. 4:17-cv-5800 (the "Complaint").  The Complaint alleged claims for: (1) failure to pay overtime wages and all time worked; (2) failure to provide accurate itemized wage statements; (3) failure to provide and/or authorize meal and rest periods; (4) failure to pay all wages due upon termination; and (5) unlawful and/or unfair business practices.

2.      Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further denies that the Action is appropriate for class treatment for any purpose other than this settlement.  Defendant contends that it has complied at all times with the California Labor Code, the Industrial Welfare Commission Wage Orders, the California

Business and Professions Code, and the Fair Labor Standards Act.  It is Defendant's position that the RMs and RAs were properly classified as exempt and, if this case were to be litigated, that class certification would be inappropriate because individual issues predominate.  Defendant has concluded, however, that further litigation of the Action would be protracted and expensive.

**3.**     Class Counsel has conducted a thorough investigation into the facts of this case, and has diligently pursued an investigation of the Class Members' claims against Defendant, reviewing relevant documents and researching the applicable law and the potential defenses. Based on its own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate, and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, financial status, and potential appellate issues.  Defendant agrees that the Settlement is fair, reasonable, and adequate.

**4.**     In April 2018, the Parties executed a Memorandum of Understanding.  This Stipulation of Settlement incorporates, expresses, and supersedes the Memorandum of Understanding, to the extent this Settlement is in conflict with the Memorandum of Understanding.

**5.**     The Parties agree that the class described herein may be certified and that any motion for preliminary approval seeking, *inter alia*, certification of a class is for purposes of the settlement only.  If for any reason the settlement is not approved, the stipulated certification will have no force or effect and will be immediately revoked.  The Parties further agree that certification for purposes of the settlement is in no way an admission that class certification is proper for litigation purposes.  Evidence of this limited stipulation for settlement purposes only will not be admissible in this or any other proceeding.

**6.**     It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in or related in any way to the Action. Thus, the entry of the Final Approval Order in this Action shall dismiss with prejudice all claims which were or which could have been alleged in Plaintiff's Complaint.  The Parties agree to

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

1  cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of

2  this Stipulation of Settlement, to effectuate its terms, and to dismiss this Action.

3  **C.      Terms of Settlement**

4        **1.**      The financial terms of the settlement are as follows:

5            (a)      **Settlement Amount and General Release Amount**: The Parties agree to

6  settle this Action for Nine Hundred Twenty-Five Thousand Dollars ($925,000.00) (the

7  "Settlement Amount"), plus Nine Thousand Eight Hundred Seventy-Six Dollars and Seventy-

8  Three Cents ($9876.73) for a general release from Plaintiff Roy (the "General Release Amount").

9  The Settlement Amount includes Class Counsel's attorneys' fees, Class Counsel's costs and

10  expenses (which include, without limitation, all such fees and costs incurred to date, as well as

11  such fees and costs to be incurred in documenting the settlement, securing Court approval of the

12  settlement, overseeing the process of administration of the settlement, and obtaining a dismissal of

13  the Action), the service payment to the Class Representative, as approved by the Court, the

14  payment to the California Labor and Workforce Development Agency ("LWDA") pursuant to the

15  PAGA claim in the Action, and all costs of administration, including, without limitation,

16  settlement administration fees and expenses.  Under no circumstances shall the Settlement

17  Amount exceed Nine Hundred Twenty-Five Thousand Dollars ($925,000.00), except that, as set

18  forth below, Defendant will pay the applicable employer payroll taxes associated with the

19  Individual Payment Amounts. The General Release Amount relates to the general release of

20  claims Plaintiff Roy is executing.

21            (b)      **Net Settlement Proceeds**: "Net Settlement Proceeds" is defined as the

22  Settlement Amount less the amounts approved and awarded by the Court for:  attorneys' fees and

23  documented litigation costs and expenses incurred or advanced by Class Counsel, the service

24  payment to the Class Representatives, the payment to the LWDA pursuant to PAGA, and the costs

25  of administering the settlement.

26            (c)      **Calculation of the Individual Payment Amounts**: "Individual Payment

27  Amount" means the portion of the Net Settlement Proceeds distributable to each Class Member.

28  The Individual Payment Amount will be calculated as follows:

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

1         (i)     "Class Workweeks" will be the number of weeks that each Class

2 Member was employed by MI Group during the Class Period, except that "Class Workweeks" for

3 Class Members who worked in California will be computed by multiplying the number of weeks

4 that the Class Member was employed by MI Group during the Class Period by 1.5, because of the

5 additional state law claims.  The Settlement Administrator will determine the number of weeks

6 that each Class Member was employed by MI Group based on Defendant's records.

7         (ii)    The Net Settlement Proceeds will be divided by the total number of

8 Class Workweeks.  This will yield the amount to be paid to each Class Member for each week

9 worked ("Week Rate").

10         (iii)   For each Class Member, the Week Rate will be multiplied by Class

11 Workweeks for that Class Member to arrive at each Class Member's Individual Payment Amount.

12         (iv)   Thirty-three percent 33% of each Class Member's Individual

13 Payment Amount shall be attributed to wages, shall be subject to all applicable withholdings, and

14 shall be reported on an IRS Form W-2.  The remaining sixty-seven percent (67%) of each Class

15 Member's Individual Payment Amount shall be attributed to penalties and interest, for which an

16 IRS form 1099 shall be issued.

17         (v)    The Parties recognize and agree that the value of the claims alleged

18 in the Action are difficult to determine with any certainty for any given year, or at all, and are

19 potentially subject to differing calculations and formulas.  The Parties agree that the method for

20 allocating each Class Member's Individual Payment Amount provided herein is reasonable and

21 that the payments provided herein are designed to provide a fair settlement to such persons, in

22 light of the uncertainties of the amounts alleged to be owed to the Class Members and the

23 calculation of such amounts.

24         (d)    **Challenges/Disputes to Individual Work Weeks**:  Class Members who

25 wish to challenge or dispute the number of weeks each Class Member worked during the Class

26 Period, as shown in the Class Notice, may notify the Settlement Administrator of their dispute and

27 should produce any supporting information and/or evidence available to them to support the dates

28 he/she contends to have provided services as a Class Member.  Defendant will review its records

1   and provide information to the Settlement Administrator and to Class Counsel in response to any

2   such disputed claim.  Defendant's records will be presumed determinative, but the Settlement

3   Administrator will evaluate the evidence submitted by the Class Member, consult with the Parties,

4   and make the decision as to the correct calculation.  The determination by the Settlement

5   Administrator will be final and binding.  The Class Member will be notified in writing of the

6   results of the disputed claim by the Settlement Administrator as each disputed claim is resolved.

7            (e)    **PAGA Payments**:  Nine Thousand Two Hundred Fifty Dollars ($9,250.00)

8   of the Settlement Amount shall be expressly allocated to settle Plaintiffs' claims brought pursuant

9   to PAGA.  Of this amount, seventy-five percent (75%), or Six Thousand Nine Hundred Thirty-

10  Five Dollars and Fifty Cents ($6,937.50) shall be paid to the LWDA.  The remaining twenty-five

11  percent (25%), or Two Thousand Three Hundred Twelve Dollars and Fifty Cents ($2,312.50),

12  shall be part of the Net Settlement Proceeds for payment to Class Members as part of their

13  Individual Payment Amount.

14           (f)    **Service Payment to Class Representative**:  The amount awarded to the

15  Class Representative as a service payment against the Released Parties (as defined in paragraph

16  D(1) below) will be set by the Court in its discretion.  Plaintiff intends to request a service

17  payment of Five Thousand Dollars ($5,000.00) for initiating this Action and acting as the Class

18  Representative, for services provided in furtherance of this Action, the risks undertaken for

19  payment of costs in the event this Action were unsuccessful, and stigma.  This amount will be

20  deducted from the Settlement Amount.  Should the Court approve a lesser amount, the difference

21  shall be paid to Class Members who have not opted out of participation in the settlement of the

22  Action, in an amount proportionate to the value of their Individual Payment Amounts.  An IRS

23  Form 1099 will be issued to the Class Representative for his service payment.  Defendant will not

24  object to the service payment request in the amount of Five Thousand Dollars ($5,000.00) for the

25  Class Representative.

26           (g)    **Payment to Class Representative for General Release**: The Class

27  Representative will also receive the General Release Amount (a payment of $9876.73) as

28  consideration for a general release of known and unknown claims against the Released Parties (as

defined in paragraph D(1) below), which is an amount equal to the severance he was offered for a general release at the time of his layoff on September 20, 2017, which  he was unable to collect at the time because he was in service of the Class in this matter and could not then execute any release. This amount will be not be deducted from the Settlement Amount. An IRS Form W-2 will be issued to the Class Representative for his payment for a general release.

(h)   **Class Counsel's Attorneys' Fees**:  As part of the Motion for Final Approval, in addition to approval of the Settlement generally, Class Counsel will seek approval of its fees and expenses.  An award to Class Counsel for attorneys' fees will be subtracted from the Settlement Amount in an amount to be set by the Court, taking into account the settlement award that has been made available for the Settlement Class by the efforts of Class Counsel.  The amount awarded shall not exceed twenty-five percent (25%) of the Settlement Amount.  Should the Court approve a lesser amount, the difference shall be paid to Class Members who have not opted out of participation in the settlement of the Action, in an amount proportionate to the value of their Individual Payment Amounts.  An IRS Form 1099 will be issued to Class Counsel with respect to its award of attorneys' fees.  Defendant shall not oppose the fee request so long as it remains consistent with this Stipulation of Settlement.

(i)   **Attorneys' Costs and Expenses**:  Class Counsel will be reimbursed from the Settlement Amount for costs and expenses in an amount not to exceed Ten Thousand Dollars ($10,000.00).  Should the Court approve a lesser amount, the difference shall be paid to Class Members who have not opted out of participation in the settlement of the Action, in an amount proportionate to the value of their Individual Payment Amounts.  An IRS Form 1099 will be issued to Class Counsel with respect to the award of costs and expenses.  Defendant shall not oppose the costs and expenses request so long as it remains consistent with this Stipulation of Settlement.

(j)   **Settlement Administration Costs**:  The fees and other charges of the Settlement Administrator, anticipated not to exceed $13,500 (the "Settlement Administrator"), to administer the entire Settlement will be paid from the Settlement Amount.  The Settlement Administrator shall establish a Qualified Settlement Fund to administer the settlement payments,

1    including tax reporting.  The parties, through mutual agreement, may instruct the Settlement

2    Administrator to send an address verification form to ensure greater participation in the settlement.

3    **D.    Release of Claims**

4        **1.**    Upon the final approval of the settlement by the Court, and except as to such rights

5    or claims as may be created by this Stipulation of Settlement, the Settlement Class (other than

6    those who request exclusion) and each Class Member, will fully release and discharge Defendant,

7    and any of its predecessors, successors, affiliates, parents, subsidiaries, related companies or other

8    entities, members, employees, agents, contractors, shareholders, officers, directors, attorneys and

9    insurers ("Released Parties"), from any and all claims, whether known or unknown, asserted in the

10    Complaint filed in the Action, or which could have been asserted in the Action based on the

11    allegations made in the Complaint filed in the Action and arising during the period from

12    October 6, 2013 through August 30, 2018 (the Reclassification Date, as set forth in paragraph

13    H(6)) for work in California, and October 6, 2014 through August 30, 2018 (the Reclassification

14    Date, as set forth in paragraph H(6))for work outside of California ("Class Period").  These claims,

15    based on all claims arising out of the alleged misclassification of the Class Members as exempt,

16    include, without limitation, claims for wages, damages, penalties, liquidated damages, punitive

17    damages, interest, attorneys' fees and costs, litigation costs, restitution, or equitable relief,

18    including the alleged:  (1) failure to pay overtime wages and all time worked; (2) failure to provide

19    accurate itemized wage statements; (3) failure to provide and/or authorize meal and rest periods;

20    (4) failure to pay all wages due upon termination; and (5) unlawful and/or unfair business

21    practices.

22        **2.**    The Class Members' Released Claims provided by this Stipulation of Settlement

23    include claims in any of the categories enumerated in paragraph D(1) above which a Class

24    Member does not know or suspect to exist in his or her favor against the Released Parties.  Each

25    Class Member, including the Class Representative, waives all rights and benefits afforded by

26    section 1542 of the California Civil Code or other similar federal, state or local, laws as to

27    unknown claims in any of the categories enumerated in paragraph D(1) above, and does so

28    understanding the significance of that waiver.  Section 1542 provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

Each of the Parties acknowledges and agrees that this waiver is an essential and material term of this settlement, without which this Stipulation of Settlement would not have been executed.

3.     In addition to the releases enumerated above, Plaintiff Samir Roy, on behalf of himself and his estate, executors, administrators, heirs and assigns, hereby releases the Released Parties from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date of the Final Approval Order ("Plaintiff Roy's Released Claims").  Plaintiff Roy's Released Claims include, but are not limited to, those claims that were or could have been asserted in the Action, including claims arising under the Fair Labor Standards Act; the California Working Hours Law; the California Payment of Wages Law; California Labor Code §§ 96 through 98.2 *et seq.*, §§ 200 *et seq.* (including, but not limited to §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 226(a), 226.3 and 226.7), §§ 300 *et seq.*, §§ 400 *et seq.*, §§ 500 *et seq.* (including but not limited to §§ 510, 512 and 558), § 1194 and §§ 1198-1199; the California Unfair Competition Act and, in particular, the California Business & Professions Code §§ 17200 *et seq.*; the PAGA Act, codified at California Labor Code §§ 2698 *et seq.*; and California Code of Civil Procedure §1021.5; all discrimination, harassment and retaliation claims; all penalties that were sought or could have been sought in the Action, liquidated damages, related tort and punitive damages, interest, attorneys' fees, litigation costs, restitution, and declaratory or equitable relief.

4.     Plaintiff Roy also agrees to execute a general release agreement of all known and unknown claims he might have against the Released Parties. ("General Release Agreement").

5.     Plaintiff Roy additionally waives all rights and benefits afforded by California Civil Code section 1542 and does so understanding the significance of that waiver.  Section 1542 provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of

1    executing the release, which if known by him or her must have
     materially affected his or her settlement with the debtor.

2

3    In order to achieve a full and complete release of Released Parties, including of all claims arising

4    from this Action, Plaintiff Roy acknowledges that this Stipulation of Settlement is meant to

5    include in its effect all claims that were asserted in this Action, including claims that Plaintiff Roy

6    does not know or suspect to exist in his favor against the Released Parties.

7    **E.       Notice and Claim Process**

8         **1.**      The Parties have agreed on Rust Consulting, Inc. (the "Settlement

9    Administrator") to perform the duties of a settlement administrator.  The Parties represent that

10   they do not have any financial interest in the Settlement Administrator or otherwise have a

11   relationship with the Settlement Administrator that could create a conflict of interest.

12        **2.**      The Settlement Administrator shall be responsible for:

13              (i)      Updating Class Member addresses by way of a search of the

14   National Change of Address database before mailing the Class Notice to the Class Members, and

15   performing skip traces as necessary upon the return of mail;

16              (ii)      Obtaining a toll-free number and U.S. Post Office Box for all Class

17   Member communications;

18              (iii)      Printing and mailing (and, as appropriate, re-mailing) the Class

19   Notice to all Class Members as directed by the Court;

20              (iv)      Calculation of the Individual Payment Amounts for which Class

21   Members are eligible in accordance with the methodology set forth in this Stipulation of

22   Settlement, which estimated amount will be set forth in the Class Members' individualized Class

23   Notices;

24              (v)      Consulting with counsel for the Parties concerning any relevant

25   issue, including (without limitation) the Individual Payment Amounts to be paid to each Class

26   Member;

27

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

(vi)    Investigating, consulting with counsel for the Parties, and making determinations regarding any disputes raised by Class Members regarding the calculation of their Individual Payment Amounts;

(vii)    Receiving, reviewing, and keeping track of timely and proper requests for exclusion submitted by Class Members, and providing copies of each Form, upon request of either of the Parties;

(viii)    Distributing and paying the Individual Payment Amounts, the PAGA Payment to the California Labor & Workforce Development Agency, the service award to Plaintiff, the fee and expense award, administration costs, the employee taxes and all other amounts, as may be ordered by the Court or as otherwise necessary;

(ix)    Calculating the wage, interest and penalties portions of each Individual Payment Amount and preparing the necessary tax documents to remit to the appropriate governmental taxing authorities;

(x)    Preparing periodic status reports regarding the dissemination of the notice packet to the Covered Class Members, skip traces, and performance of its duties; and

(xi)    Such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform, including responding to questions from Class Members or directing such questions to the Parties, as appropriate.

3.    Class Counsel will also create and maintain a website for Class Members that links to the Stipulation of Settlement, Class Notice, motions for approval and for attorneys' fees, and other important documents in the case;

4.    The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

5.    Within fifteen (15) calendar days after entry of the order granting preliminary approval, Defendant shall provide to the Settlement Administrator a list of all known Class Members, including, to the extent available, their last known address, telephone numbers, social security numbers, and the number of weeks that each Class Member provided services during the

Class Period ("Settlement Class Information").  The Settlement Administrator shall not disclose any Settlement Class Information to any person other than Defendant or Defendant's counsel of record in this litigation.

6.       A postcard notice of pendency of class action, proposed settlement and hearing date for Court approval, and address verification request ("Class Notice") in the form attached hereto as Exhibit 1, and as approved by the Court, shall be sent by the Settlement Administrator to the Class Members, by first class mail, within fifteen (15) calendar days after receiving the Settlement Class Information from Defendant.

7.       A long-form notice of pendency of class action, proposed settlement and hearing date for Court approval, and address verification request ("Long Form Class Notice") in the form attached hereto as Exhibit 2 will be available to every Class Member, upon request.

8.       The Settlement Administrator will make reasonable efforts to ensure that the Class Notice is sent to all Class Members.  Receipt of the Class Notice will be conclusively presumed if a Class Notice has not been returned as undeliverable within thirty-three (33) days of the mailing to that Class Member.  In the event of returned or non-deliverable notices, the Settlement Administrator will make reasonable efforts to locate Class Members and re-send the notices, including attempting to locate missing Class Members using all appropriate tracing methods.  Any Class Notice returned to the Settlement Administrator as undelivered and bearing a forwarding address shall be re-mailed by the Settlement Administrator as soon as possible, preferably within three (3) days, following receipt of the returned mail.  For any Class Notice returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall conduct a computer/SSN and "skip trace" search to obtain an updated address, and shall promptly re-mail the Class Notice to any newly-found address or addresses.  The re-mailed Class Notice shall be identical to the original Class Notice.

9.       Each Class Member will be fully advised of the settlement, the ability to object to the settlement, and the ability to request exclusion.  The Class Notice will inform the Class Members of the Court-established deadlines for filing objections and requesting exclusion.  Class Members who wish to object to this settlement must do so in writing, or in any other manner

ordered by the Court.  Written objections must state the basis of the objection and be mailed to the Settlement Administrator and to counsel for the Parties, and postmarked no later than forty-five (45) days after mailing of the class notice, or as otherwise ordered by the Court.  Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than one (1) business day prior to the Court's final approval hearing, or as otherwise ordered by the Court.

10.    In order to elect not to participate in the Settlement, a Class Member must sign a request for exclusion, and mail a statement to the Settlement Administrator no later than forty-five (45) calendar days after the initial mailing of the Class Notice which clearly requests exclusion from this action.  The timeliness of submitted requests for exclusion will be determined by valid postmark.  Class Members shall be permitted to rescind their opt out statements in writing by submitting a rescission statement to the Settlement Administrator not later than three (3) business days prior to the Court's final approval hearing, or as otherwise ordered by the Court.

11.    The Settlement Administrator will notify the Parties of the total number of valid requests for exclusion within ten (10) calendar days after the deadline for receipt of requests for exclusion (fifty-five (55) days following the initial mailing of the Class Notice to Class Members), and will also notify the Parties of any request for exclusion within two (2) business days of receiving one.  If more than five (5) Class Members submit a valid Request for Exclusion Form, Defendant, in its sole discretion, may terminate the Memorandum of Understanding and the Stipulation of Settlement within ten (10) calendar days of the end of the forty-five (45) calendar day period after the initial mailing of the Class Notice and Request for Exclusion Form to Class Members.

12.    The Settlement Administrator shall provide to the Parties, at least fifteen (15) calendar days prior to the final approval hearing, a declaration of due diligence and proof of mailing with regard to the mailing of the Class Notice and Request for Exclusion Forms.  The Settlement Administrator will also provide to the Parties, at least fifteen (15) calendar days prior to the final approval hearing, a report listing the amount of all payments to be made to each Class Member.

**F.      Dates of Distribution of the Settlement Amount**

1.      Fifteen (15) days after the entry of the order granting preliminary approval, Defendant will deposit the Total Settlement Amount and the separate $9,876.73 consideration payment for Plaintiff Roy's general release of claims into a fund administered by the Settlement Administrator.  If no objections are timely filed and no objector appears at any final approval hearing, no later than thirty (30) calendar days after the Court enters an order granting final approval of this Stipulation, Defendant shall cause to be paid monies to fund the estimated employer's share of payroll taxes to the fund administered by the Settlement Administrator.  If objections to this Settlement are timely filed or an objector does appear at any final approval hearing, Defendant shall cause to be paid monies to fund the estimated employer's share of payroll taxes to the fund administered by the Settlement Administrator no later than five (5) calendar days after the latest of:  (1) the last date by which a notice of appeal to the Circuit Court of the Judgment may be timely filed, and none is filed; (2) if an appeal is taken to the Circuit Court, then, the last date by which a petition for *certiorari* to the U.S. Supreme Court with respect to a decision by the Circuit Court may be timely filed, and none is filed; and (3) if a notice of appeal to the Circuit Court or a petition for *certiorari* to the U.S. Supreme Court is timely filed, the date on which the highest reviewing court renders its decision denying the petition (where the immediately lower court affirmed the Judgment) or affirming the Judgment.  Defendant will be refunded the full amount deposited except for any accrued Settlement Administrator costs, in the event this settlement does not receive final court approval.

2.      The Settlement Administrator will:  (1) mail all required Individual Payment Amount checks, subject to withholding of applicable local, state and federal taxes, (2) mail all Service Payments to the Class Representative, and (3) transmit Class Counsel's attorneys' fees and expenses, no later than five (5) calendar days after receipt of the funds from Defendant.  The checks provided to Class Members shall prominently state that the checks will expire if not cashed within 120 calendar days, or alternatively, such a statement may be made in a letter accompanying the check.

3.     On the back of each check will be a form stating, "Endorsement or depositing of this check means that you are certifying under penalty of perjury to being a Class Member in the matter of *Roy v. MI Group,* are participating in the settlement in this case, and are waiving all wage and hour claims under the federal Fair Labor Standards Act and/or state laws, as applicable. You may read the full notice and waiver online: http://www.bryanschwartzlaw.com/migroup." However, regardless of whether he or she negotiates the settlement check, any Class Member who fails to opt out timely of the California Class as indicated in the Notice, or has not withdrawn from the FLSA Collective (if he/she previously opted in), shall automatically be deemed a Settlement Class Member whose rights and claims with respect to the claims raised in the Lawsuit are determined by the Court's order granting final approval of this settlement, and by other rulings in the Lawsuit.

4.     If a Class Member's Individual Payment Amount is returned to the Settlement Administrator, the Settlement Administrator will make reasonable efforts to re-mail it to the Class Member at his/her correct address.

5.     Class Members must cash their Individual Payment Amount checks within 120 calendar days after they are mailed by the Settlement Administrator.  Such checks, correspondingly, will be void 120 days after the Settlement Administrator mails them to Class Members.

6.     The Settlement Administrator shall mail a postcard to Class Members who have not cashed their Individual Payment Amount checks sixty (60) days before the checks become void to remind them that if their checks are not cashed by the deadline, their checks will become void and shall be paid to other Class Members and/or a *cy pres* beneficiary.  The postcard will advise Class Members of an opportunity to receive replacement checks

7.     If more than $10,000 remains outstanding in the QSF based upon uncashed checks at the void date of checks, then all uncashed Individual Payment Amount checks and any amount remaining from the Settlement Amount after the expiration of the Individual Payment Amount checks will be considered residue.  The entire residue will be subject to a second distribution to Class Members who cashed a check in the first distribution.  The residue shall constitute the "Net Excess Settlement Amount."  The Net Excess Settlement Amount shall be distributed to Class Members who cashed a check in the first distribution in the form of an "Excess Settlement Award"

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

1  payment using the same pro rata calculation method for calculating the Individual Payment

2  Amount set forth in subsection (1)(c) of Section C.  The allocation, reporting and treatment for tax

3  purposes of Excess Settlement Award payments shall be the same as the allocation, reporting and

4  treatment for tax purposes of the Settlement Award payments set forth in Section C.  The

5  Settlement Administrator shall make all Excess Settlement Award payments within sixty (60) days

6  following the expiration of the Individual Payment Amount checks.  Excess Settlement Award

7  checks shall remain valid and negotiable for one hundred and twenty (120) days from the date of

8  issuance and will be cancelled by the Settlement Administrator if not cashed within that time.  The

9  Excess Settlement Award checks shall prominently state the checks will expire in one hundred and

10 twenty (120) calendar days, or alternatively, such a statement may be made in a letter

11 accompanying the check.

12     **8.**     Subject to Court approval, if $10,000 or less remains in the QSF based upon

13 uncashed checks, or, as to all amounts of un-cashed Excess Settlement Award checks, the

14 remainder will be paid out to Legal Aid at Work as the *cy pres* beneficiary.  The Parties represent

15 that they do not have any financial interest in the *cy pres* beneficiary or otherwise have a

16 relationship with the *cy pres* beneficiary that could create a conflict of interest in violation of the

17 Ninth Circuit's standards.

18     **9.**     Plaintiff shall submit this Stipulation of Settlement in support of the unopposed

19 motion for preliminary approval of the settlement.  Defendant shall promptly file a Notice of Non-

20 Opposition (or similarly-captioned pleading), after Plaintiff, through Class Counsel, files a motion

21 for preliminary approval consistent with Stipulation of Settlement.

22 **G.**     **Duties of the Parties in Connection with and Following Final Court Approval**

23     **1.**     In connection with the hearing on final approval of the settlement provided for in

24 this Stipulation of Settlement, Plaintiff, through Class Counsel, will submit a proposed final order

25 sufficiently prior to the scheduled date of the hearing on final approval:

26         (a)     approving the settlement, adjudging the terms thereof to be fair, reasonable

27 and adequate, and directing consummation of its terms and provisions;

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

(b)    approving Class Counsel's application for an award of attorneys' fees and reimbursement of documented litigation costs and expenses, the service payment to the Class Representative, the payment to the LWDA, and the costs of administering the settlement; and;

(c)    upon a showing that Defendant has made all payments required by this Stipulation of Settlement, dismissing the Action on the merits and with prejudice, resulting in the release of any Released Claims against any of the Released Parties.

**2.**    Class Counsel will file an application for attorneys' fees and reimbursement of costs and expenses sufficiently prior to the scheduled date of the hearing on final approval, either as part of the final approval motion or separately, as Class Counsel deems appropriate.

**H.    Miscellaneous Provisions**

**1.    Voiding the Agreement**

A failure of the Court to approve any material condition of this Stipulation of Settlement which effects a fundamental change of the Parties' settlement, or if the settlement is reversed or materially modified on appellate review, shall render the entire Stipulation of Settlement voidable and unenforceable as to all Parties herein at the option of any Party.

**2.    Parties' Authority**

The signatories hereto represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

**3.    Mutual Full Cooperation**

The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement including, but not limited to, execution of such documents and taking such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel, take all necessary steps to secure the Court's preliminary and final approval of the settlement.

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

1   **4.    No Prior Assignments**

2       The Parties hereto represent, covenant, and warrant that they have not directly or

3   indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any

4   person or entity any portion of any liability, claim, demand, action, cause of action or rights

5   released and discharged by this Stipulation of Settlement.

6   **5.    No Admission**

7       Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be

8   construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part

9   of Defendant or any of the other Released Parties.  Each of the Parties hereto has entered into this

10  Stipulation of Settlement with the intention of avoiding further disputes and litigation with the

11  attendant inconvenience and expenses.  This Stipulation of Settlement is a settlement document

12  and shall, pursuant to California Evidence Code section 1152 and/or Federal Rule of Evidence 408

13  and/or any other similar law, be inadmissible in evidence in any proceeding, except an action or

14  proceeding to approve the settlement, and/or interpret or enforce this Stipulation of Settlement.

15  **6.    Reclassification**

16      MI Group will reclassify the MI Group Relocation Manager and Relocation Associate

17  positions as non-exempt under the FLSA no later than August 30, 2018.

18  **7.    Enforcement Actions**

19      Except as otherwise provided in this Stipulation of Settlement, in the event that one or

20  more of the Parties to this Stipulation of Settlement institutes any legal action, arbitration, or other

21  proceeding against any other Party to enforce the provisions of this Stipulation of Settlement or to

22  declare rights and/or obligations under this Stipulation of Settlement, the successful Party shall be

23  entitled to recover from the unsuccessful Party reasonable attorneys' fees and costs, including

24  expert witness fees, incurred in connection with any enforcement actions.

25  **8.    Notices**

26      Unless otherwise specifically provided herein, all notices, demands or other

27  communications given hereunder shall be in writing and shall be deemed to have been duly given

28

JOINT STIPULATION OF SETTLEMENT
AND RELEASE BETWEEN PLAINTIFF AND
DEFENDANT

as of the third business day after mailing by United States registered or certified mail, return

receipt requested, addressed:

> To Plaintiffs and the Settlement Class:
>
> Bryan Schwartz, Esq.
> Bryan Schwartz Law
> 1330 Broadway, Suite 1630
> Oakland, CA  94612
>
> **To Defendant:**
>
> Baldwin Lee
> Allen Matkins Leck Gamble Mallory & Natsis LLP
> Three Embarcadero Center, 12th Floor
> San Francisco, CA 94111

**9.      Construction**

The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are

the result of lengthy, intensive arms' length negotiations between the Parties and that this

Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the

extent to which any Party or his/its counsel participated in the drafting of this Stipulation of

Settlement.

**10.      Captions and Interpretations**

Paragraph titles or captions contained herein are inserted as a matter of convenience and

for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of

Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and

not merely a recital.

**11.      Modification**

This Stipulation of Settlement may not be changed, altered, or modified, except in writing

and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may

not be discharged except by performance in accordance with its terms or by a writing signed by all

of the Parties hereto.

**12.      Integration Clause**

This Stipulation of Settlement contains the entire agreement between the Parties relating to

the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements,

1  understandings, representations, and statements, whether oral or written and whether by a Party or

2  such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in

3  writing.

4      **13.    Public Comment And Confidentiality**

5      Other than necessary disclosures made to the Court, until the Settlement Approval Motion

6  is filed, Plaintiff and Class Counsel shall not publicize the settlement to the media, the press, on

7  any website (including, without limitation, in a verdicts/settlements service, through social media,

8  or via any other means).  Class Counsel may post Court documents concerning the settlement on

9  Class Counsel's website without commentary.  Until the Settlement Approval Motion is filed, if

10 Plaintiff or Class Counsel receive inquiries from the media regarding the settlement, they may

11 state only that the Action has been resolved on the terms set forth in the Stipulation of Settlement

12 that was publicly filed.  Plaintiff and Class Counsel are permitted to discuss the terms of the

13 Settlement with any and all Class Members and courts, following the dissemination of the Class

14 Notice.  If Plaintiff or Class Counsel are legally required to communicate about the settlement

15 with governmental authorities, they shall give counsel for Defendant notice before any such

16 communication occurs as is reasonably possible.  Class Counsel may note the fact of this

17 settlement on its website and in filings with courts in support of its appointment as Class Counsel

18 in other matters.  *See* BASF Ethics Opinion 2012-1; Cal. R. Prof. Conduct, Rule 1-500; ABA

19 Model Rule 5.6(b).  If Plaintiff or Class Counsel violate the terms of this paragraph prior to final

20 approval, Defendant may rescind the Stipulation of Settlement, rendering it null and void, and will

21 no longer be bound by any of its terms, but only if Defendant does so in writing transmitted to

22 Class Counsel before any order of final approval is rendered by the Court.

23     **14.    Communications with Class Members Regarding the Settlement**

24     Neither the Parties nor their counsel will contact Class Members for the purpose of

25 attempting to influence them not to participate in this Settlement or to solicit or otherwise

26 encourage Class Members or any other persons (including, but not limited to, the State of

27 California Labor and Workforce Development Agency) to submit written objections to the

28 Settlement, or encourage Class Members or any other person to appeal from the Settlement.

1   Notwithstanding the foregoing, the Parties and their counsel shall not discourage Class Members

2   from participating in the Settlement.  Notwithstanding, once the Settlement is filed with the Court,

3   the Parties and their counsel may disclose the terms of the Settlement upon inquiry by Class

4   Members.

5       **15.     Signatures of All Class Members Unnecessary to be Binding**

6           It is agreed that, because the members of the Settlement Class are numerous, it is

7   impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The

8   Class Notice, attached hereto as Exhibit 1, will advise all Class Members of the binding nature of

9   the release provided herein and such shall have the same force and effect as if this Stipulation of

10  Settlement were executed by each Class Member.

11      **16.     Counterparts**

12          This Stipulation of Settlement may be executed in counterparts, and when each Party has

13  signed and delivered at least one such counterpart, each counterpart shall be deemed an original,

14  and when taken together with other signed counterparts, shall constitute one fully-signed

15  Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

16

17  Dated: <u>Jun 7, 2018</u>

18

19          By: <u>Samir Roy (Jun 7, 2018)</u>

20              Samir Roy

21

22

23

24

25

26

27

28

1    Dated: _____                By: _____

2                                                  _____

3                                                  The MI Group, Inc.

4

5

6    Approved as to form and content:

7

8    Dated: ___June 7, 2018___                 BRYAN SCHWARTZ LAW

9                                              By: _____

10                                                 BRYAN SCHWARTZ
                                                   Attorneys for Plaintiffs
11

12

13

14   Dated: _____                ALLEN MATKINS LECK GAMBLE
                                                MALLORY & NATSIS LLP
15

16                                             By: _____
                                                   BALDWIN J. LEE
17                                                 Attorneys for Defendant
                                                   THE MI GROUP, INC.
18

19

20

21

22

23

24

25

26

27

28

                                                       JOINT STIPULATION OF SETTLEMENT
                                                       AND RELEASE BETWEEN PLAINTIFF AND
                                                                            DEFENDANT

1  Dated: _June 7/18_

   By: _____
            ROD HOPKINS

2

3                                              The MI Group, Inc.

4

5

6  Approved as to form and content:

7

8  Dated: _____        BRYAN SCHWARTZ LAW

9
                                          By: _____
10                                             BRYAN SCHWARTZ
                                               Attorneys for Plaintiffs
11

12

13 Dated: _June 7, 2018_____    ALLEN MATKINS LECK GAMBLE
14                                         MALLORY & NATSIS LLP

15
                                          By: _____
16                                             BALDWIN J. LEE
                                               Attorneys for Defendant
17                                             THE MI GROUP, INC.

18

19

20

21

22

23

24

25

26

27

28
                                          JOINT STIPULATION OF SETTLEMENT
                                          AND RELEASE BETWEEN PLAINTIFF AND
                                          DEFENDANT

# EXHIBIT 1

# NOTICE OF CLASS ACTION SETTLEMENT

*Roy, et al. v. The MI Group, Inc.*, Case No. 3:17-CV-05800-EDL

**Summary:** If you worked in the job positions of Relocation Manager ("RM") or Relocation Associate ("RA") for The MI Group, Inc. between October 6, 2013 and [DATE] ("Class Period"), a proposed settlement may affect you.

The settlement resolves allegations that The MI Group misclassified RMs and RAs as exempt and violated California and federal wage/hour laws. The MI Group denies the claims. It has agreed to pay $925,000 to settle them permanently. This amount will be used to compensate class members, cover attorneys' fees and costs, pay for settlement administration, pay civil penalties, and provide a service award to the plaintiff who brought the lawsuit.

Compensation to class members will be distributed based on the number of weeks worked for The MI Group in the RM or RA job positions during the Class Period. A multiplier will apply for those class members who worked in California.

The Court will decide whether to finally approve this settlement on Month DD, 2018 in Courtroom E of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA. You may attend this hearing and comment about the fairness of the settlement. You may request more detailed information by [contact method].

**Your Rights and Options**

**1) Do Nothing**
Your portion of the settlement will be sent to you. You will forego the right to sue The MI Group for wage/hour claims.

**2) Exclude Yourself**
You can opt out of the settlement by [DATE] and keep the right to sue The MI Group. If you exclude yourself, you get no payment from the settlement.

**3) Object**
If you object to the settlement, you must explain why in writing by [DATE].

**Note:** You must follow **all** of the Court's instructions to exclude yourself or to object to the settlement. Contact [] for more details.

**Who Is Included?** The Settlement Class includes all individuals who worked in the RM and RA job positions for The MI Group, Inc. between October 6, 2013 (in California) or October 6, 2014 (outside California) and [DATE] ("Class Members").

**What Are the Settlement Terms?** A Settlement Fund of $925,000 has been established to pay all Class Members, a penalty payment to the California Labor and Workforce Development Agency, 25% attorneys' fees and up to $10,000 costs, a $5,000 service award to the Class Representative, in addition to his severance, and settlement administration costs and expenses. Any remaining monies from uncashed settlement checks will be paid to the non-profit charity, Legal Aid at Work.

**How can I get a Payment?** You will receive an automatic payment by check of **$x,xxx.xx** for working a total of **xx** weeks between October 6, 2013 (in California) or October 6, 2014 (outside California) and [DATE]. If you dispute this number of weeks, you may send a written explanation and supporting documentation to the Settlement Administrator by Month DD, 2018.

**What Do I Give Up by Participating in the Settlement?** If you participate in the Settlement, you release all legal claims arising from The MI Group's alleged failure to classify RMs and RAs as non-exempt employees, including claims for: (1) unpaid wages; (2) unpaid overtime; (3) waiting time penalties; (4) record-keeping violations; (5) untimely wage penalties; (6) meal and rest break violations; (7) unlawful business practices related to wage/hour issues; and (8) penalties.

**What Are My Other Options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by Month DD, 2018. If you exclude yourself, you get no payment from the settlement. You may object to the Settlement in writing by Month DD, 2018. The Detailed Notice available on the website listed below explains how to exclude yourself or object. The Court will hold a Hearing on Month DD, 2018 to consider whether to approve the Settlement, as well as the requests for attorneys' fees and costs and a service payment to the Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call 510-444-9300, review the online docket located on PACER at ecf.cand.uscourts.gov, or visit the website at **WWW.BRYANSCHWARTZLAW.COM/MIGROUP.**

# EXHIBIT 2

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR ROY, individually, and on behalf of all others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> v. <br><br> THE MI GROUP, INC., <br><br> Defendant. | Case No. 3:17-CV-05800 EDL <br><br> **NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND FINAL HEARING** |

# YOU MAY BE ENTITLED TO RECEIVE MONEY FROM A SETTLEMENT

*A U.S. District Court authorized this notice.  This is not a solicitation from a lawyer.  The MI Group will not retaliate against you for participating in this Settlement.*

- A proposed settlement will provide $925,000 (the "Settlement Amount") to pay claims to current and former individuals who were employed by The MI Group ("Defendant" or "The MI Group") in the job positions of Relocation Manager ("RM") or Relocation Associate ("RA") (collectively "Class Members") at any time between October 6, 2013 (in California) or October 6, 2014 (outside California) and [DATE] ("Class Period").

- You will be paid approximately $[], minus applicable withholdings, if this Settlement is approved and you do not exclude yourself from it, based upon [] weeks that Defendant reports that you worked for The MI Group [in/outside] California. If this number of work weeks is incorrect, you can dispute it, as provided below.

- The settlement resolves a lawsuit over whether The MI Group allegedly misclassified Class Members as exempt employees and thus:  (1) failed to pay overtime wages and wages for all time worked; (2) failed to provide accurate itemized wage statements; (3) failed to provide and/or authorize meal and rest periods; (4) failed to pay all wages due upon termination; and (5) engaged in unlawful and/or unfair business practices relating to wage/hour issues.

- It avoids risks to you from continuing the lawsuit; pays money to individuals in the RM and RA job positions; results in a reclassification of the RM and RA positions as non-exempt (overtime pay-eligible) and releases The MI Group from liability for wage/hour claims. The MI Group believes that it has complied fully with the applicable laws, but the parties have agreed to this proposed settlement, and will seek the Court's approval, as a compromise.

- Court-appointed lawyers for the Class Members will ask the Court to award them 25% of the Settlement Amount ($231,250) as fees and up to $10,000 in expenses for investigating the facts, litigating the case, and negotiating the settlement. This will be paid from the Settlement Amount. You will not owe any fees or costs for participating in this Settlement.

- The two sides disagree on how much money could have been recovered if the Class Members prevailed at trial, or whether the Class Members could have recovered any money at all.

1

- **Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **Exclude Yourself** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against The MI Group about the legal claims in this case. |
| **Object** | Write to the Court about why you don't like the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |
| **Do Nothing** | If eligible, receive an allocated settlement payment. |

## WHY DID YOU RECEIVE THIS NOTICE?

This notice explains a proposed settlement of a lawsuit, and informs you of your legal rights under that proposed settlement.  You are receiving this notice because you may be a member of a class on whose behalf this class action lawsuit has been brought.

## WHAT IS THIS LAWSUIT ABOUT?

On October 6, 2017, Plaintiff Samir Roy filed this lawsuit against The MI Group in the United States District Court, Northern District of California. The lawsuit alleges violations of the California Labor Code, Industrial Welfare Commission Wage Orders, the California Business and Professions Code, and the Fair Labor Standards Act.  The lawsuit seeks to certify classes of all individuals who worked in the job positions of Relocation Manager or Relocation Associate for The MI Group in the United States from October 6, 2013 (in California) or October 6, 2014 (outside California) through the date The MI Group reclassifies the Relocation Manager and Relocation Associate positions (before August 30, 2018) (the "Settlement Class").  The lawsuit alleges that members of the Settlement Class were misclassified as exempt and therefore The MI Group allegedly:  (1) failed to pay overtime wages and wages for all time worked; (2) failed to provide accurate itemized wage statements; (3) failed to provide and/or authorize meal and rest periods; (4) failed to pay all wages due upon termination; and (5) engaged in unlawful and/or unfair business practices..  The MI Group denies all of the material allegations in the lawsuit.

## SUMMARY OF THE SETTLEMENT

### A.    Why is there a Settlement?

The Court did not decide in favor of Plaintiff or The MI Group.  Plaintiff thinks he would have prevailed on his and the class claims at a trial.  The MI Group does not think that Plaintiff would have recovered anything from a trial.  But there was no trial.  Instead, both parties agreed to a settlement.  That way, they avoid the costs, risks, and uncertainty of a trial, and the people affected will get compensation.  Plaintiff and Plaintiff's attorneys think the settlement is fair, reasonable and adequate and in the best interests of all Class Members.

### B.    Who is in the Settlement Class?

The class includes all current and former employees of The MI Group who worked in the job positions of Relocation Manager or Relocation Associate between October 6, 2013 (in California) or October 6, 2014 (outside California) through the date The MI Group reclassifies the Relocation Manager

2

and Relocation Associate positions (before August 30, 2018), who do not opt out of the settlement, and/or (as to their federal claims) who do not cash a settlement check, thereby releasing claims.

**C.      What does the Settlement provide?**

1.      Settlement Amount.

If the Court approves the settlement, Defendant will pay $925,000 to settle the lawsuit. Before any payments are made to the Settlement Class, the following sums will be deducted from the Settlement Amount: (1) $9,250 to the California Labor and Workforce Development Agency for California Labor Code Private Attorneys General Act (PAGA) penalty claims; (2) Class Counsel's attorneys' fees in an amount set by the Court not to exceed 25% of the Settlement Amount ($231,250); (3) Class Counsel's documented litigation costs in an amount set by the Court not to exceed $10,000; (4) a service payment to the Class Representative, not to exceed $5,000, for his service in the lawsuit and, an additional payment equal to his standard severance, as consideration for his general release of claims against The MI Group in an amount set by the Court; and (5) a reasonable amount set by the Court to the Settlement Administrator for administering the settlement, not to exceed $13,500. The amount of the Settlement Amount remaining after these payments is the "Net Settlement Proceeds" to be distributed to the Class Members who do not exclude themselves from the settlement or object to the settlement, as described below ("Participating Class Members").

2.      Individual Payment Amount.

Your share of the Net Settlement Proceeds will be determined by a formula which factors the number of weeks that you worked in the job position of Relocation Manager or Relocation Associate during the Class Period, with California employees receiving a multiplier of 1.5 times their number of weeks, because of the additional wage claims available to California workers. 33% of each Individual Payment Amount will be reported on an IRS Form W-2 and the remaining 67% will be reported on an IRS Form 1099. You are responsible for all federal, state, and local tax filings and liabilities that may result from such Individual Payment Amounts, and The MI Group shall bear no responsibility for such filings or liabilities, except that the MI Group will separately pay its own share of payroll taxes.

Your share of the Net Settlement Proceeds is not subject to dispute by you, except to the extent you believe that it has been incorrectly calculated due to an error in records showing the number of weeks you worked as an RM or RA during the Class Period in/outside California. As noted above, according to The MI Group's records, during that period, you worked a total of ____ weeks in the job positions of Relocation Manager or Relocation Associate [in/outside California]. If you dispute the number of weeks listed, you may send a written explanation and documentation that supports your dispute to the Settlement Administrator, postmarked by [DATE].

The Settlement Administrator's contact information is as follows:

Settlement Administrator
Rust Consulting, Inc.
[address]
[address]
[address]
Phone: [phone]

The MI Group's records will be presumed correct unless you provide sufficient documentation to support your dispute. Any disputes will be finally resolved by the Settlement Administrator without the possibility of appeal to Class Counsel, The MI Group, or the Court.

**D.      What are you giving up to get a payment or stay in the Class?**

The settlement is intended to settle all claims against The MI Group that members of the Settlement Class have asserted or could have asserted in the lawsuit regarding the claim that the RMs and RAs were misclassified as exempt. Each Participating Class Member is deemed to have fully and finally released and discharged The MI Group and any of their predecessors, successors, affiliates, parents, subsidiaries, related companies, members, employees, agents, shareholders, officers, directors, attorneys, and insurers ("Released Parties"), from any and all claims, whether known or unknown, asserted in the lawsuit, or which could have been asserted in the lawsuit, based on the allegations made in the lawsuit and arising until August 30, 2018. These claims include without limitation claims for wages, damages, penalties, liquidated damages, punitive damages, interest, attorneys' fees and costs, litigation costs, restitution, or equitable relief, based on all claims arising out of the alleged misclassification of the Class Members as exempt, including the alleged (1) failure to pay overtime wages and all time worked, (2) failure to provide accurate itemized wage statements, (3) failure to provide and/or authorize meal and rest periods, (4) failure to pay all wages due upon termination, and (5) unlawful and/or unfair business practices relating to those claims, as well as all PAGA violations derived therefrom until August 30, 2018.

## THE SETTLEMENT HEARING

The Court will conduct a final fairness hearing regarding the proposed settlement (the "Final Settlement Hearing") on _____, 2018, in Courtroom E of the U.S. District Court, located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. The Court will determine: (i) whether the lawsuit should be finally certified as a class action for settlement purposes; (ii) whether the settlement should be given the Court's final approval as fair, reasonable, adequate and in the best interests of the Settlement Class Members; (iii) whether the Settlement Class Members should be bound by the terms of the settlement; (iv) the amount of the attorneys' fees and expenses that should be awarded to Plaintiff's Attorneys; and (v) the amount that should be awarded to Plaintiffs for class representative fees. At the Final Settlement Hearing, the Court will hear all properly filed objections, as well as arguments for and against the proposed settlement. You have a right to attend this hearing, but you are not required to do so. You also have the right to hire an attorney to represent you, or to enter an appearance and represent yourself.

## WHAT ARE YOUR OPTIONS?

- **OPTION 1 – *OBJECT TO THE SETTLEMENT***

You can ask the Court to deny approval by filing an objection with the Court. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

If you wish to object to the proposed settlement (or any of its terms) and wish the Court to consider your objection at the Final Settlement Hearing, you may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through an attorney at your own expense, provided you notify the Court of your intent to do so. All written objections, supporting papers, and/or notices of intent to appear at the Final Approval Hearing must (a) clearly identify the case name and number, (b) be submitted to the Court, either by mailing it to Clerk of the Court, U.S. District Court,

Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing it in person at the same location, (c) be mailed to the law firms identified below, and (d) be mailed to the Settlement Administrator.  To be valid, objections must be filed and served on or before _____, 2018 [45 days after mailing].

Plaintiff's Attorneys:
Bryan Schwartz
Bryan Schwartz Law
1330 Broadway, Suite 1630
Oakland, CA  94612
Phone:  (510) 444-9300

Defendant's Attorneys:
Baldwin Lee
Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
Phone:  (415) 837-1515

Settlement Administrator
Rust Consulting, Inc.
[address]
[address]
[address]
Phone:  [phone]

- **OPTION 2 – *EXCLUDE YOURSELF FROM THE SETTLEMENT***

You have a right to exclude yourself ("opt out") from the Settlement Class, but if you choose to do so, you will not receive any benefits from the proposed settlement.  You will not be bound by a judgment in this case and you will have the right to file your own lawsuit against The MI Group and pursue your own claims in a separate suit.  You can opt out of the Class by writing that you wish to be excluded to the Settlement Administrator at the above-stated address, such that it is postmarked no later than _____, 2018 [45 days after mailing]**.**

- **OPTION 3 – *DO NOTHING***

If you do not exclude yourself from the settlement (Option 2), then by default you will remain a Settlement Class Member and be bound by the Court's judgment in this case, if you worked for Defendant in California. You will receive money from this settlement if the Court approves it. If you worked for Defendant solely outside California, you will receive a settlement check and will be deemed to have opted into this case and will release your claims when you cash that check, assuming the Court approves the settlement.

**ADDITIONAL INFORMATION**

A.    **No Cost to You**.

The Settlement does not require you to pay money out of pocket.  However, you are responsible for all taxes owed (other than the employer's share of payroll taxes) on your paid Individual Payment Amount, as described above.

B.    **No Tax Advice**.

Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax obligations or penalties that may be imposed

5

on any person.  This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction.

C.       **This Notice Provides Only a Summary**.

The above is a summary of the basic terms of the settlement.  For the precise terms and conditions of the settlement, you should review the detailed "Joint Stipulation of Settlement and Release Between Plaintiff and Defendant" which is on file with the Clerk of the Court.  You can view the "Joint Stipulation of Settlement and Release Between Plaintiff and Defendant" (Docket Entry No. 50) by accessing the online Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at http://ecf.cand.uscourts.gov, or by visiting the Clerk's Office of the U.S. District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You may also find the settlement-related documents at the following website:

www.bryanschwartzlaw.com/migroup

**ALL INQUIRIES REGARDING YOUR PAYMENT AND SETTLEMENT LOGISTICS SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR, AND INQUIRIES REGARDING THIS LITIGATION MORE GENERALLY SHOULD BE MADE TO PLAINTIFF'S ATTORNEYS:**  Logan Talbot, Bryan Schwartz Law, 1330 Broadway, Suite 1630, Oakland, CA 94612; (510) 444-9300.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**BY ORDER OF THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**