BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
LOGAN TALBOT (SBN 300591)
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
       talbot@bryanschwartzlaw.com

*Attorneys for Plaintiff Samir Roy and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR ROY, individually, and on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE MI GROUP, INC.,<br><br>Defendant. | Case No.: 3:17-cv-05800-EDL<br><br>**[PROPOSED]** ORDER AND JUDGMENT GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; ATTORNEYS' FEES AND COSTS<br><br>Date: November 27, 2018<br>Time: 9:00 am<br>Courtroom E, 15th Floor<br>Magistrate Judge Elizabeth D. Laporte |

Before the Court are Plaintiff's Motions for Final Approval of Class Action Settlement and for Attorneys' Fees and Costs ("Motions"). The Court granted preliminary approval of the proposed Settlement on July 18, 2018. On August 17, 2018, notices approved by the Court were distributed to the class that detailed the key terms of the proposed Settlement and provided the information that would be used to calculate each class member's *pro rata* share. The Parties came for hearing on the Motions on November 27, 2018 at 9:00 am in the District Court for the Northern District of California, Courtroom E, with Magistrate Judge Elizabeth D. Laporte. The Court, having considered the papers submitted in support of the application of the Parties, HEREBY GRANTS FINAL APPROVAL AND ORDERS THE FOLLOWING:

1. Except as otherwise specified herein, for the purposes of this Order and Judgment, the Court incorporates by reference all defined terms set forth in the Settlement Agreement (Dkt # 50) and Motion for Preliminary Approval (Dkt # 38).

2. The Court finds that the terms of this Settlement satisfy the requirements of Rule 23 of Fed. R. Civ. P. and satisfy all criteria for a fair, adequate and reasonable settlement. The Court finds that the uncertainty and delay of further litigation, Defendant's risk of insolvency and inability to pay a large judgment, and the non-monetary reclassification relief support the reasonableness and adequacy of the $925,000 Settlement Fund established pursuant to the Settlement Agreement.

3. From the identified Settlement Class Members, none have objected to the proposed Settlement, and none have opted out of the proposed Settlement. The universal approving reaction of the Settlement Class to the proposed Settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

4. The Settlement is HEREBY APPROVED in its entirety and the releases encompassed herein are effectuated.

5. The Settlement Fund shall be disbursed in accordance with the Settlement Agreement and as detailed in Plaintiff's Motion for Preliminary Approval of Class Action Settlement, granted on July 18, 2018, and Plaintiff's Unopposed Motion for Final Approval, filed on October 5, 2018.

6. Plaintiff Samir Roy is hereby awarded $5000 for his time and effort in pursuing this litigation for the benefit of the Class. The Court finds that the reputational harm and risk Plaintiff Samir Roy faced by participating in this litigation and time spent in service of the Class support the reasonableness

of the service award to Plaintiff Samir Roy.

7. Plaintiff Samir Roy is hereby awarded $9,876.73 for his execution of a general release of all claims. This allocation is equal to the severance that he could not previously accept in light of his duties to the Class, and will be paid separately from the Total Settlement Amount for the Class.

8. Plaintiff's application for Attorneys' fees in the amount of $231,250 is hereby granted. The Court finds that the non-reversionary Settlement provides great benefit to the class in light of the uncertainty of Plaintiff's claims and Defendant's risk of insolvency support the requested Attorneys' fees award for this contingency-based matter, where Plaintiff's counsel bore substantial risk of nonpayment.

9. Plaintiff's request for reimbursement of actual litigation costs of $3,464.69 and $13,500 award to Rust Consulting, Inc., for settlement administration is hereby granted.

10. The Court approves the *cy pres* recipient identified in the Settlement, Legal Aid At Work, to receive any remainder based upon uncashed Settlement checks as called for in the Settlement Agreement, because this recipient is the leading provider of direct legal services in employment law for low-wage workers in California, and appropriate under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013), "that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries."

11. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $6,937.50 as its share of the settlement of civil penalties under the California Private Attorneys General Act in this case is fair, reasonable, and appropriate.

12. The Court hereby enters Judgment approving the terms of the Settlement Agreement. This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

13. The claims of the Settlement Class Members are hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own attorneys' fees and costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction regarding over the disbursement of the Settlement Fund.

DATED: November 27, 2018

_____
HON. ELIZABETH D. LAPORTE
UNITED STATES DISTRICT COURT